**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00235-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Justice, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Jeremy Pinson's Motion for Telephonic Conference Regarding Discovery (Doc. 64), Motion for Limited Appointment of Counsel to Assist with Discovery (Doc. 68), Motion for Leave to File Reply (Doc. 76), Renewed Motion for Appointment of Counsel (Doc. 78), and Motion for Sanctions or Appointment of Counsel (Doc. 83). Also pending is Defendant's Motion to Extend Deadlines. (Doc. 85.)

**I.     Background**

Plaintiff—who was formerly confined in the United States Penitentiary in Tucson, AZ ("USP-Tucson") and is now confined in the United States Penitentiary in Coleman, FL—filed a three-count First Amended Complaint ("FAC") on June 3, 2019 alleging, in relevant part, denial of gender dysphoria treatment. (Doc. 8.) On screening under 28 U.S.C. § 1915A, the Court ordered Defendants Haight-Biehler, Brieschke, the Bureau of Prisons, and the United States to answer Count One; ordered the Bureau of Prisons and the United States to answer Count Two; and dismissed Count Three. (Doc. 10.) The

Court later granted summary judgment in favor of Defendants on Plaintiff's claims relating to seeing an endocrinologist and obtaining electrolysis, feminine hygiene items, and transfer to a female facility, based on a failure to exhaust administrative remedies. (Doc. 43 at 10.) The remaining claims in this case relate to (1) Plaintiff's allegations that she was improperly denied sex reassignment surgery, including the existence of a policy that facially discriminates on the basis of sex by denying such surgery with no individualized determination as to medical necessity, and (2) Plaintiff's allegations regarding changing her Estradiol therapy from pills to a patch. (*Id.* at 11.)

## II.     Motion for Telephonic Conference Regarding Discovery

In her Motion for Telephonic Conference Regarding Discovery (Doc. 64), Plaintiff seeks a telephonic conference regarding Defendants' responses to her first set of requests for production ("RFPs"), as well as an extension of the discovery deadline "due to the delays caused by defendants['] lack of cooperation." (Doc. 64 at 1-3.) Defendants filed a Response in opposition, arguing that Plaintiff failed to make a sincere effort to resolve the discovery dispute through personal consultation and failed to certify that effort. (Doc. 65.) Plaintiff filed a Reply in which she notes that Defendants twice objected to her discovery requests and that she "did not see what of useful value could be achieved by asking a third time" for what Defendants "refused to provide." (Doc. 70 at 1.)

The Court's Scheduling Order provides: "In the event of a dispute over discovery matters, the parties must engage in personal consultation regarding the dispute and must make a sincere effort to resolve the conflict expeditiously." (Doc. 50 at 3.) If, notwithstanding the parties' sincere efforts, the dispute cannot be resolved, "either party may file a request for a telephonic conference or for permission to file a written discovery motion." (*Id.*) Any such request "must specify the results of the parties' personal consultation and the matter(s) remaining in dispute." (*Id.*) Furthermore, LRCiv 7.2(j) provides that "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter."

Federal Rule of Civil Procedure 26(b) provides that the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Pursuant to Federal Rule of Civil Procedure 34, a party may serve on any other party RFPs within the scope of Rule 26(b).

On April 30, 2021, Defendants responded to Plaintiff's first set of RFPs, raising objections and providing responsive documents. (Doc. 64-1.) On May 5, 2021, Plaintiff sent a letter to Defendants raising concerns regarding Defendants' responses to RFPs 1-7. (Doc. 65-4.) Defendants responded by letter dated May 17, 2021. (Doc. 64-2.) Instead of engaging in further personal consultation with Defendants, Plaintiff filed the pending Motion. (Doc. 64.) Plaintiff does not specify in her Motion "the results of the parties' personal consultation and the matter(s) remaining in dispute" (Doc. 50 at 3), and she does not attach a LRCiv 7.2(j) certification. Plaintiff's failure to fully comply with LRCiv 7.2(j) and the provisions of the Court's Scheduling Order makes it difficult for the Court to determine which of the concerns raised in Plaintiff's May 5, 2021 letter remain in dispute. The Court will address each RFP discussed in Plaintiff's letter to assess the adequacy of Plaintiff's efforts at personal consultation.[1]

In RFP 1, Plaintiff requested: "All documents or information, contained within plaintiff's BOP medical and psychology files, relating to [her] request for gender-affirming surgery (including but not limited to vaginoplasty, testicle removal, etc.) while

---

[1] Defendants United States and Bureau of Prisons produced documents in response to RFPs 1-3 and 7-8, but Defendants Haight-Biehler and Brieschke stated that they do not have responsive documents in their possession. (Doc. 64-1 at 1-5.) To the extent Plaintiff challenges Haight-Biehler and Brieschke's statements regarding lack of possession of responsive documents (Doc. 65-4 at 3), the Court declines to hold a telephonic discovery dispute concerning that challenge, given that Defendants United States and Bureau of Prisons produced responsive documents and there is no indication that Haight-Biehler or Brieschke are capable of producing anything beyond what Defendants United States and Bureau of Prisons can produce with respect to those RFPs.

- 3 -

housed at the Tucson U.S. Penitentiary." (Doc. 64-1 at 1.) Defendants United States and Bureau of Prisons produced responsive medical records. (*Id.*) In her May 5, 2021 letter, Plaintiff complained that no psychology records were produced in response to RFP 1 even though "there are hundreds of PDS entries discussing [Plaintiff's] gender dysphoria." (Doc. 65-4 at 6.) In their May 17, 2021 responsive letter, Defendants noted that RFP 1 sought only records relating to Plaintiff's request for gender-affirming surgery rather than records relating to her gender dysphoria generally. (Doc. 64-2 at 2.) Defendants also confirmed that all documents responsive to RFP 1 were produced. (*Id.*) Because RFP 1 is by its own terms limited to records related to Plaintiff's request for gender-affirming surgery, the concern raised in Plaintiff's May 5, 2021 letter does not call into doubt the adequacy of Defendants' response to RFP 1. Accordingly, the Court declines to hold a telephonic discovery conference regarding Defendants' response to RFP 1.

In RFP 2, Plaintiff requested: "All emails, memoranda, letters/correspondence, text messages, electronic communications, voice recordings, video recordings between the staff of U.S. Penitentiary Tucson, the Western Regional Office, Transgender Executive Council, TCCT, BOP Medical Director relating to the plaintiff's request for gender-affirming surgery at any point after [her] arrival to USP Tucson." (Doc. 64-1 at 2.) Defendants objected that RFP 2 is "vague, ambiguous and overbroad," but Defendants United States and Bureau of Prisons produced one email that the Bureau discovered upon searching the email accounts of Haight-Biehler, Brieschke, Dr. Ann Ash, Kerri Pistro, and TCN/Warden@bop.gov for emails regarding Plaintiff's request for gender-affirming surgery between the date Plaintiff arrived at USP-Tucson and the date she filed her FAC in this action. (*Id.*) In her May 5, 2021 letter, Plaintiff complained that Defendants' search was too narrow because Defendants did not search the emails of "the BOP Medical Director" or "other members of the TEC and TCCT"; did not produce documents regarding a meeting of the TEC mentioned by Pistro; did not produce documents regarding regional or Central Office involvement; and did not search using

terms such as "transgender" or "TEC." (Doc. 65-4 at 6.) Defendants responded in their May 17, 2021 letter that Kerri Pistro is the main point of contact for the TEC, and her emails were searched; Defendants did not address the other concerns raised in Plaintiff's May 5, 2021 letter. (Doc. 64-2 at 2.) The Court will deny without prejudice Plaintiff's request for a telephonic discovery conference regarding Defendants' response to RFP 2; however, the Court will order Defendants to file a Notice that responds to all concerns raised by Plaintiff in her May 5, 2021 letter concerning Defendants' response to RFP 2.

In RFP 3, Plaintiff requested: "All documents or information within [her] Central File relating to [her] request for gender-affirming surgery at any point after [her] arrival to USP Tucson." (Doc. 64-1 at 2.) Defendants objected that RFP 3 is "overbroad, in that it fails to specify an end date," but Defendants United States and Bureau of Prisons searched Plaintiff's Central File and produced responsive documents from February 15, 2018 to June 6, 2019. (*Id.* at 2-3.) In her May 5, 2021 letter, Plaintiff complained that Defendants' response to RFP 3 does not contain a final decision by the BOP Medical Director. (Doc. 65-4 at 3-4.) In their May 17, 2021 responsive letter, Defendants re-affirmed that they had produced all documents responsive to RFP 3. (Doc. 64-2 at 1.) The Court will deny Plaintiff's request for a telephonic discovery conference regarding Defendants' response to RFP 3; however, the Court will direct Defendants to again search Plaintiff's Central File, from February 15, 2018 to the present, to determine whether it contains a final decision by the BOP Medical Director.

In RFP 4, Plaintiff requested: "All documents relating to the BOP's TCCT granting an inmate's request for gender affirming surgery since 2-15-2018." (Doc. 64-1 at 3.) Defendants objected that RFP 4 "is vague, ambiguous and overbroad, unduly burdensome, not relevant to any party's claim or defense, not proportional to the needs of the case and requests information protected by the Privacy Act." (*Id.*) In her May 5, 2021 letter, Plaintiff suggested that Defendants draft a protective order to alleviate any Privacy Act concerns. (Doc. 65-4 at 2-3.) Plaintiff did not address any of Defendant's other objections to RFP 4. Because there is no indication in the record that Plaintiff

attempted to personally confer with Defendants in order to resolve their other objections to RFP 4, the Court will deny Plaintiff's Motion to the extent it requests a telephonic conference regarding Defendants' response to RFP 4.

In RFP 5, Plaintiff requested: "All civil complaints/lawsuits filed against the BOP since 2-15-18 wherein any inmate sued alleging denial of gender-affirming surgery." (Doc. 64-1 at 3.) Defendants objected that RFP 5 is "vague, ambiguous and overbroad, not relevant to any party's claim or defense and not proportional to the needs of the case," as well as "unduly burdensome because inmate lawsuits are not searchable by the subject matter of the lawsuit." (*Id.* at 3-4.) Defendants further noted that "Plaintiff has equal access to public records." (*Id.* at 4.) Subject to and without waiving those objections, Defendants stated that they had not identified any lawsuits alleging denial of gender-affirming surgery that were filed against the Bureau of Prisons since the date Plaintiff arrived at USP-Tucson, other than the instant proceeding. (*Id.*) In her May 5, 2021 letter, Plaintiff complained that Defendants failed to conduct a reasonable search with respect to RFP 5. (Doc. 65-4 at 6.) However, Plaintiff did not address any of Defendants' objections to RFP 5. Because there is no indication in the record that Plaintiff attempted to personally confer with Defendants in order to resolve their objections to RFP 5, the Court will deny Plaintiff's Motion to the extent it requests a telephonic conference regarding Defendants' response to RFP 5.

In RFP 6, Plaintiff requested: "All emails and correspondence mailed or sent to the BOP Central Office relating to amendment of Program Statement entitled 'Transgender Offender Manual.'" (Doc. 64-1 at 4.) Defendants objected that RFP 6 is "vague, ambiguous and overbroad, unduly burdensome, not relevant to any party's claim or defense and not proportional to the needs of the case." (*Id.*) Defendants also argued that the request "is not limited in scope as to time, place, individuals, or content." (*Id.*) In her May 5, 2021 letter, Plaintiff complained that Defendants did not conduct a reasonable search in response to RFP 6. (Doc. 65-4 at 4.) Plaintiff further stated her belief that the Program Statement at issue was amended on May 11, 2018, and she complained that

- 6 -

1  Defendants did not search the email account of Mark Inch or any other likely-involved
2  BOP individuals using the keyword "transgender." (*Id.*) In their May 17, 2021 letter,
3  Defendants stood by their objections to RFP 6. (Doc. 64-2 at 1.) The Court will deny
4  Plaintiff's request for a telephonic discovery conference with respect to RFP 6; however,
5  the Court will allow Plaintiff to file a Notice proposing limitations for a search for
6  documents responsive to RFP 6, including a specific date range and specific individuals.
7        In RFP 7, Plaintiff requested: "All documents or information relating to plaintiff's
8  request for gender-affirming surgery while housed at FMC Rochester in 2017 and 2018."
9  (Doc. 64-1 at 4.) Defendants United States and Bureau of Prisons produced one
10 responsive document. (*Id.* at 4-5.) In her May 5, 2021 letter, Plaintiff complained that
11 Defendant's response to RFP 7 is incomplete because Defendants did not produce an
12 email from Dr. Gabel to Bureau of Prisons staff regarding Plaintiff's request for gender-
13 affirming surgery, nor any related emails, and that the document that Defendants did
14 produce does not indicate what the Bureau of Prisons did with Plaintiff's request. (Doc.
15 65-4 at 4-5.) Defendants responded in their May 17, 2021 letter that the document
16 produced is Plaintiff's email request and a responsive email directing Plaintiff to submit
17 her request to the Medical Doctor email address and to discuss her request with her
18 primary care provider team. (Doc. 64-2 at 2.) Defendants also re-affirmed that the
19 produced document is the only document responsive to RFP 7. (*Id.*) However,
20 Defendants did not explain how they searched for documents responsive to RFP 7. (*Id.*)
21 The Court will deny without prejudice Plaintiff's request for a telephonic discovery
22 conference with respect to RFP 7 but will direct Defendants to file a Notice describing
23 how they searched for documents responsive to RFP 7.
24       As discussed below, the Court will extend the pending deadlines in this case; thus,
25 Plaintiff's Motion will be granted to the extent it requests an extension of discovery.
26 . . . .
27 . . . .
28 . . . .

**III. Motion for Limited Appointment of Counsel to Assist with Discovery and Motion for Leave to File Reply**

In her Motion for Limited Appointment of Counsel to Assist with Discovery, Plaintiff asks the Court to appoint counsel to assist her in completing depositions of "Donald Trump, Jefferson Sessions, Mark Inch, Alex Azar, and William Barr." (Doc. 68.) Plaintiff argues that "[t]here is substantial public evidence that these individuals were involved in intentional denial of healthcare to transgender persons." (*Id.* at 1.) Defendants filed a Response, arguing that Plaintiff has not shown exceptional circumstances warranting the appointment of counsel and that her attempt to depose the individuals listed in her Motion "is not relevant to the dispositive issue in the case and greatly exceeds the proportionality requirement of Rule 26." (Doc. 73 at 1.)

In her Motion for Leave to File Reply (Doc. 76), Plaintiff seeks leave of Court to file an untimely Reply in support of her Motion for Limited Appointment of Counsel to Assist with Discovery. In support of this request, Plaintiff avers that she was attacked with a weapon and then separated from her legal materials from June 17, 2021 until July 8, 2021. (*Id.* at 1.) The Court will grant the Motion for Leave and direct the Clerk to file Plaintiff's Reply (lodged at Doc. 77).

There is no constitutional right to the appointment of counsel in a civil case. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Ivey Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). District courts lack the authority "to make coercive appointments of counsel" under 28 U.S.C. § 1915. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). However, district courts may request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also* 28 U.S.C. § 1915(e)(1). To determine whether exceptional circumstances exist, courts consider "the likelihood of success on the merits" as well as the ability of the plaintiff to articulate her claims pro se "in light of the complexity of the legal issues involved." *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching

a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered the aforementioned elements, the Court does not find that Plaintiff has shown exceptional circumstances warranting appointment of counsel at this time. At this stage of the proceedings, Plaintiff's likelihood of success on the merits of her claims is unclear. Furthermore, Plaintiff is an experienced pro se litigator, and the Court's review of the docket reveals no indication that Plaintiff will be unable to articulate her claims pro se in light of the complexity of the legal issues involved.

Plaintiff may request subpoenas for depositions by complying with the requirements of Federal Rule of Civil Procedure 45 and General Order 18-19.[2] However, the Court notes that "[h]eads of government agencies are not normally subject to deposition." *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Depositions of individuals at the "apex" of government or corporate hierarchies create "a tremendous potential for abuse of harassment" and may be precluded where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation marks omitted). Such depositions are typically allowed only "where the official has first-hand knowledge related to the claim being litigated." *Bogan v. Cty. of Boston*, 489 F.3d 417, 423 (1st Cir. 2007).

**IV. Renewed Motion for Appointment of Counsel and Motion for Sanctions or Appointment of Counsel**

In her Renewed Motion for Appointment of Counsel, Plaintiff avers that she was violently assaulted on June 17, 2021 and that her prescription eyeglasses were destroyed

---

[2] General Order 18-19 provides:

> [A]ny self-represented litigant who wishes to serve a subpoena must file a motion with the Court for issuance of the subpoena. The motion must (1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents. The assigned judge shall determine whether the requested subpoena shall issue. Issuance of the subpoena shall not preclude any witness or person subpoenaed, or other interested party, from contesting the subpoena.

1 in the attack. (Doc. 78 at 1-2.) Plaintiff further avers that, in the process of packing items in her cell, prison staff lost her case files, including evidence, research, and Court Orders. (*Id.*; *see also* Doc. 78-1.)

Defendants responded in opposition, arguing that Plaintiff has not shown exceptional circumstances warranting the appointment of counsel. (Doc. 80.) Defendants state that "[t]he obvious remedy for the lost documents would be to request [defense] counsel to send [Plaintiff] her copies of the Court orders and discovery produced to date," and that "[t]he obvious remedy for the broken glasses would be for Plaintiff to request medical to provide her with a new pair of glasses." (*Id.* at 4.)

In her Motion for Sanctions or Appointment of Counsel, Plaintiff alleges that her unit manager took discovery—specifically, personal logs of staff interactions at USP-Tucson from 2018 to 2020—from her for copying but then never returned it. (Doc. 83 at 1, 4.) Plaintiff argues that sanctions and the appointment of counsel are appropriate due to the Bureau of Prisons' misplacement of her legal materials and evidence. (*Id.* at 2.) Defendants responded, contesting the factual statements in Plaintiff's Motion for Sanctions or Appointment of Counsel, and stating that the documents at issue in the Motion were returned to Plaintiff over six weeks ago. (Doc. 84.) Defendants attach to their Response a declaration by Plaintiff's Unit Manager Anissa Jackson, who avers that the copied pages were returned to Pinson by Senior Officer Specialist Richard Jackson. (Doc. 84-4.) The copied documents are attached to the declaration. (Doc. 84-4 at 41-86.)

As discussed above, the appointment of counsel is not warranted at this time based on Plaintiff's likelihood of success on the merits of her claims and her ability to articulate her claims pro se. Accordingly, the Court will deny without prejudice Plaintiff's Motions to the extent they seek appointment of counsel. The Court will also deny without prejudice Plaintiff's request for sanctions, as Plaintiff has not shown that sanctions are warranted; Defendants have presented evidence disputing Plaintiff's claim that prison staff did not return the documents at issue in her Motion for Sanctions or Appointment of Counsel and, regardless, Plaintiff now has those documents, as they are attached to

Defendants' Response to the Motion (Doc. 84-4 at 41-86).

To address the concerns raised in Plaintiff's Renewed Motion for Appointment of Counsel, the Court will require Defendants United States and/or the Bureau of Prisons (1) to file a Notice updating the Court on the status of Plaintiff's prescription eyeglasses and the allegedly lost documents discussed in Plaintiff's Renewed Motion for Appointment of Counsel (Doc. 78) and (2), if the lost documents have not been returned to Plaintiff, to provide Plaintiff with copies of all Court orders and discovery produced to date in the above-captioned case.

## V. Motion to Extend Deadlines

Defendants request a 30-day extension of all remaining deadlines, to allow the parties time to attempt to resolve disputes concerning the adequacy of Plaintiff's responses to Defendants' discovery requests. (Doc. 85.) As discussed above, Plaintiff has also requested an extension of discovery as part of her Motion for Telephonic Conference Regarding Discovery. (Doc. 64.) The Court will grant a 30-day extension of all pending deadlines.

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Reply (Doc. 76) is **granted**. The Clerk of Court is directed to file Plaintiff's Reply (lodged at Doc. 77).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Telephonic Conference Regarding Discovery (Doc. 64) is **denied** to the extent it seeks a telephonic discovery conference and **granted** to the extent it seeks an extension of the discovery deadline. In addition, the Court orders as follows:

1. Within **fourteen (14) days** of the date this Order is filed, Defendants shall file a Notice that (1) responds to all concerns raised by Plaintiff in her May 5, 2021 letter concerning Defendants' response to RFP 2; and (2) describes how Defendants searched for documents responsive to RFP 7. Plaintiff may file a Response to Defendants' Notice within **seven (7) days** of service of the Notice. Defendants' Notice and Plaintiff's Response to the Notice shall each be limited to five (5) pages in length.

2. Defendants shall search Plaintiff's Central File, from February 15, 2018 to the present, to determine whether it contains a final decision by the BOP Medical Director on Plaintiff's request for gender-affirming surgery.  Within **fourteen (14) days** of the date this Order is filed, Defendants shall notify Plaintiff of the results of the search, produce the final decision if it is contained within Plaintiff's Central File, and file a Notice with the Court affirming compliance with this Order.

3. Within **fourteen (14) days** of the date this Order is filed, Plaintiff may file a Notice proposing limitations for a search for documents responsive to RFP 6, including a specific date range and specific individuals.  Within **seven (7) days** of service of Plaintiff's Notice, Defendants may file a Response addressing Plaintiff's proposed limitations.  Plaintiff's Notice and Defendants' Response shall each be limited to three (3) pages in length.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Deadlines (Doc. 85) is **granted**.

**IT IS FURTHER ORDERED** that the pending deadlines set forth in the Court's revised Scheduling Order (Doc. 79) are **extended** as follows:

1. All discovery shall be completed on or before **October 2, 2021**.
2. Dispositive motions addressing the merits of Plaintiff's claims shall be filed on or before **November 1, 2021**.
3. The parties shall file a Joint Proposed Pretrial Order within **thirty (30) days** after resolution of the dispositive motions filed after the end of discovery or, if no such motions are filed, on or before **November 22, 2021**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Limited Appointment of Counsel to Assist with Discovery (Doc. 68), Renewed Motion for Appointment of Counsel (Doc. 78), and Motion for Sanctions or Appointment of Counsel are **denied without prejudice**.

. . . .

. . . .

**IT IS FURTHER ORDERED** that, within **seven (7) days** of the date this Order is filed, Defendants shall file a Notice updating the Court on the status of Plaintiff's prescription eyeglasses and the allegedly lost documents discussed in Plaintiff's Renewed Motion for Appointment of Counsel (Doc. 78). If the lost documents discussed in Plaintiff's Renewed Motion for Appointment of Counsel have not been returned to Plaintiff, Defendants shall also, within **fourteen (14) days** of the date this Order is filed, provide Plaintiff with copies of all Court Orders and discovery produced to date in the above-captioned case.

Dated this 3rd day of September, 2021.

_____
Honorable Rosemary Márquez
United States District Judge