**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00235-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Federal Bureau of Prisons, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Compel Appropriate Discovery Responses (Doc. 107), to which Plaintiff responded (Doc. 112) and Defendants replied (Doc. 116). Also pending is Plaintiff's Motion for Leave to File Reply to Response to Supplemental Declaration. (Doc. 113). Defendants did not respond to the Motion for Leave and the time for doing so has expired. LRCiv 7.2(c).

**I.    Defendants' Motion to Compel**

In an Order dated October 22, 2021, the Court granted Defendants leave to file a Motion to Compel, finding that they had sufficiently complied with the Court's discovery-dispute procedures up to that point. (Doc. 100 at 9-10.)

In their Motion to Compel, Defendants aver that they sent Plaintiff first sets of Requests for Production ("RFPs"), Requests for Admission ("RFAs"), and Interrogatories on May 21, 2021. (Doc. 107 at 2.) Plaintiff produced 129 pages of documents in response

to the first set of RFPs, as well as objections. (*Id.*) Plaintiff and defense counsel thereafter exchanged numerous letters regarding Plaintiff's RFP responses. (*Id.* at 3-4.) Plaintiff and defense counsel also exchanged letters regarding Plaintiff's responses to Defendants' Interrogatories. (*Id.* at 4-5.) Defendants aver that the following matters remain outstanding following the parties' personal consultations:

> (1) Whether any of the documents originally produced by Plaintiff are responsive to any of the requests;
>
> (2) If so, identification of the requests to which the documents are responsive;
>
> (3) Whether Plaintiff has produced any documents responsive to RFPs 1, 2, or 3;
>
> (4) Whether Plaintiff is withholding any responsive documents; and
>
> (5) A responsive answer to Interrogatory 1.

(*Id.* at 5.)

Defendants aver that Plaintiff has produced only two pages that appear to be responsive to their RFPs and that she has failed to identify which documents that have been produced are responsive and which are non-responsive. (*Id.* at 7-9.) Defendants further aver that Plaintiff has not identified whether she is withholding any responsive documents. (*Id.* at 9-10.) In addition, Defendants aver that Plaintiff has not substantively responded to Interrogatory 1, which requested an explanation of Plaintiff's response to RFA 1, which in turn requested that Plaintiff admit or deny that she did not submit a BP-10 or BP-11 for gender reassignment surgery while at United States Prison ("USP")-Tucson after December 2018. (*Id.* at 10-11.) Defendants further aver that Plaintiff has raised numerous issues and objections and then later abandoned them, leading to a waste of Defendants' counsel's and the Court's time. (*Id.* at 12.) Defendants ask the Court to enter an order compelling Plaintiff to provide appropriate discovery responses or either dismiss her case or preclude her from introducing any evidence that she has failed to provide in a timely fashion. (*Id.* at 12.)

In response, Plaintiff avers that she is not withholding any documents or information, and she states that, after receiving Defendants' September 30, 2021 letter,

she sent a responsive letter that resolved the issues raised in Defendants' Motion to Compel. (Doc. 112.) Plaintiff does not attach a copy of the letter she sent to Defendants, nor does she explain how the letter addresses the issues raised in Defendants' Motion to Compel. (*See id.*)

In reply, Defendants state that the letter which Plaintiff references in her Response was postmarked after the filing of Defendants' Motion to Compel. (Doc. 116 at 2.) The letter is attached to the Reply. (Doc. 116-1.) The letter identifies 9 of the 127 pages produced in response to Defendants' RFPs as responsive to those requests and further references multiple medical notes and an "Administrative Remedy Generalized Retrieval" which Plaintiff has not produced. (*Id.*; Doc. 116 at 3.) Plaintiff also clarifies her responses to Interrogatory 1 and RFA 1; avers that she located no BP-10 or BP-11 dated after December 2018 requesting gender reassignment surgery; and again avers that she is not withholding any documents. (*Id.*)

A party may serve on any other party a request for production that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The responding party "has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production." *Burnett v. United States*, No. EDCV-15-1707-CAS(KKx), 2016 WL 3392263, at *6 (C.D. Cal. June 14, 2016). The party seeking to compel discovery bears the burden of establishing that its requests satisfy relevancy requirements, and the party opposing discovery bears the burden of supporting its objections and showing why discovery should not be allowed. *La. Pac. Corp. v. Money Market 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

Plaintiff's letter responds to the contentions set forth in Defendants' Motion to Compel, without reiterating any objections to Defendants' discovery requests. Accordingly, the Court finds that Plaintiff has abandoned any previously raised objections. The Court further finds that the clarifications provided by Plaintiff in the letter are responsive to Defendants' concerns such that compelling Plaintiff to produce further documentation is unnecessary. It appears that Plaintiff has responded to Defendants'

discovery requests to the best of her ability based upon the documents in her possession. Accordingly, Defendants' Motion will be denied insofar as it seeks to compel Plaintiff to produce further documentation. The Motion, however, will be granted insofar as Plaintiff will not be allowed to rely on any documentation that is not produced before the discovery period closes. This prohibition applies to any documents for which Plaintiff does not provide a Bates number or record citation. Plaintiff's references to documents that have not been produced in this litigation—including but not limited to medical records in other cases, documents that she avers are already in the possession of the Bureau of Prisons, or documents that she claims exist but has not produced—are not adequate to satisfy discovery requirements.

## II.     Plaintiff's Motion for Leave to File Reply to Supplemental Disclosure

In an Order filed on September 7, 2021, the Court addressed various discovery issues and ordered Defendants, in part, to file a Notice updating the Court on the status of Plaintiff's allegedly lost documents. (Doc. 86 at 11, 13.) The Court further ordered Defendant to provide Plaintiff with copies of all Court Orders and discovery produced to date in the above-captioned case if the lost documents had not been returned to Plaintiff. (*Id.*)

Defendants thereafter filed a supplemental Notice averring that Defendants could not determine which documents were lost and accordingly could not arrange for the return of any purportedly lost documents and, therefore, that they had sent Plaintiff copies of all Court Orders and discovery produced to date in this case. (Doc. 88 at 2-3.) Plaintiff responded, averring that she had not received all Court Orders and discovery produced to date in this case. (Doc. 93 at 2.) Based on Defendants' averment that they had sent Plaintiff all Court Orders and discovery produced to date, the Court declined to order any further relief regarding Plaintiff's purportedly lost documents. (Doc. 100 at 3.) However, the Court allowed Plaintiff an opportunity to file a further declaration signed under penalty of perjury if she still had not received copies of the Court Orders and discovery. (*Id.* at 3-4.)

On November 1, 2021, Plaintiff filed a Supplemental Declaration averring that she still had not received copies of all Court Orders and discovery produced to date in this case. (Doc. 106.) Defendants filed a Response, again averring that they had sent Plaintiff copies of all Court Orders and discovery. (Doc. 109.)

Plaintiff seeks leave to file a Reply to Defendants' Response to her Supplemental Declaration. (Doc. 113.) In the Reply, Plaintiff responds to Defendants' attack on the credibility of her November 1, 2021 Supplemental Declaration. (*Id.*) She also avers that, on November 9, 2021, her Unit Manager Anissa Jackson informed her that she was in possession of voluminous documents that defense counsel mailed on September 14, 2021 and September 16, 2021. (Doc. 113-1 at 1.) Ms. Jackson offered to arrange an appointment for Plaintiff to view the documents. (*Id.*) Plaintiff further avers that at no time prior to November 9, 2021 was she aware that Ms. Jackson had possession of the documents. (*Id.*)

The Court will grant Plaintiff leave to file her Reply to Defendants' Response to her Supplemental Declaration. Based on the declaration attached to the Motion for Leave to File Reply, it appears that Plaintiff is now able to view the copies of Court Orders and discovery mailed by defense counsel on September 14, 2021 and September 16, 2021. Accordingly, the Court considers the issue concerning Plaintiff's lost documents to be resolved.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Compel Appropriate Discovery Responses (Doc. 107) is **granted in part and denied in part** as follows:

(1) The Motion is **denied** insofar as it seeks to compel Plaintiff to produce additional documentation or discovery responses.

(2) The Motion is **granted** insofar as it seeks to prohibit Plaintiff from relying on any documents not produced before the close of discovery. Plaintiff may not rely on any documents that are not produced and identified by record citation or Bates number in this case before the close of discovery.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Reply to Supplemental Disclosure (Doc. 113) is **granted**.

Dated this 27th day of December, 2021.

_____
Honorable Rosemary Márquez
United States District Judge